UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:20-CR-382-SDJ |
| | § |
| SAAD AZIZ (104) | § |

## ORDER

Before the Court is Defendant Saad Aziz's Motion for Bond. (Dkt. #1612). The Government responded in opposition. (Dkt. #1661). The Court, having considered Aziz's motion, the Government's response, the record, and the applicable law, **DENIES** the motion.

### I. BACKGROUND

On September 28, 2021, after a detention hearing, the magistrate judge ordered that Aziz be released pending trial. The Government moved for an emergency stay and asked this Court to revoke the release order. (Dkt. #1356). On November 16, 2021, this Court granted the Government's motion and ordered that Aziz remain detained pending trial. (Dkt. #1559). The Court found that no combination of conditions could reasonably assure Aziz's appearance as required because of the nature and circumstances of the charged offenses, the weight of the evidence against Aziz, and Aziz's history and characteristics. The Court reached this decision after a thorough review of the record, a two-day detention hearing, and extensive briefing by both Aziz and the Government. On November 30, 2021, Aziz appealed the Court's detention order. (Dkt. #1601). That appeal remains pending.

Notwithstanding his outstanding appeal, Aziz filed the instant motion for bond just three days later.

## II. DISCUSSION

In a transparent attempt to have the Court reconsider its detention order despite the pending appeal of that very order, Aziz contends that his detention has now reached the point where it offends due process. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Pretrial detention for regulatory purposes "does not constitute punishment before trial in violation of the Due Process Clause." *United States v. Salerno*, 481 U.S. 739, 748, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). But at some point, pretrial detention may become so protracted as to become punitive and, therefore, require release. *United States v. Hare*, 873 F.2d 796, 800–01 (5th Cir. 1989). Due process challenges to pretrial detention must be assessed "on a case-by-case basis." *Id.* at 801. In determining whether a defendant's due process rights have been violated, courts consider both the factors relevant to the initial detention decision and "additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay." *Id.*

In its initial detention order, this Court thoroughly examined the evidence and detailed at length the reasons for its decision to order Aziz detained pending trial. The Court had an extensive record on which to base its decision, including the

transcript of the hearing before the magistrate judge, the evidence developed during the Court's own two-day detention hearing, and thorough briefing of the issues by both parties. The Court need not rehash its decision here. To the extent Aziz's motion merely restates the same arguments he made previously, the Court rejects those arguments. The Court will entertain only the additional factors relevant to Aziz's due process argument.

As to the first factor, length of detention, Aziz complains that he has been detained for approximately seventy days. "Length of detention 'will rarely by itself offend due process.'" *United States v. Stanford*, 722 F.Supp.2d 803, 807–08 (S.D. Tex. 2010) (quoting *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993)). Although Aziz does not address the length of detention that may occur in the future, the Court notes that this case is currently set for final pretrial conference on May 2, 2022. *See* (Dkt. #1499). If the case is tried around that time, Aziz will have been detained for approximately eight months. "[C]ourts across the nation have found that pretrial detention periods of . . . more than nineteen months do not violate due process." *Stanford*, 722 F.Supp.2d at 809 (collecting cases). The Court finds that the length of Aziz's detention, standing alone, does not offend due process.

Aziz does not address the second factor, the non-speculative length of future detention. As the Court has already noted, the final pretrial conference is set for May 2, 2022, at which time this case may proceed to trial. And even if trial is set several months after the final pretrial conference, the total length of detention would not exceed the length of pretrial detention periods that other courts have found

3

comport with due process. *See Stanford*, 722 F.Supp.2d at 809. The Court finds that this factor is at best neutral for Aziz.

Aziz also failed to address the third factor, complexity of the case. "When the complexity of a case is a reason for the length of the detention, the detention continues to be regulatory in nature rather than penal." *United States v. Simpson*, No. 3:09-CR-249-D, 2010 WL 3283053, at *3 (N.D. Tex. Aug. 19, 2010) (quoting *Stanford*, 722 F.Supp.2d at 810). This case involves 112 individual defendants and a seven-count indictment spanning 104 pages, and the Court has previously determined that it is "unusual and complex." *See* (Dkt. #1498 at 1, 3). Given the complexity of the case, the large number of defendants, and the volume of discovery, this factor weighs strongly against Aziz's due process claim.

The final factor the Court considers is whether the litigation strategy of one party or the other has caused the delay. "Any delay occasioned by prosecutorial strategy may be a basis upon which an exceedingly lengthy pretrial detention offends due process." *Stanford*, 722 F.Supp.2d at 810. Here, the Court does not find that the Government has delayed the case for strategic reasons. Although the Court delayed deadlines in this case by 180 days, that continuance was based on the complexity of the case. (Dkt. #1498); *see also Simpson*, 2010 WL 3283053, at *3 (finding no basis to hold that the Government delayed the case for strategic reasons where the court continued the case due to its complexity). And multiple defendants, in addition to the Government, requested a continuance. Therefore, the Court finds that this factor weighs against Aziz's due process claim.

Taken together, the relevant factors support the conclusion that Aziz's pretrial detention continues to serve a proper regulatory purpose and is not punitive at this time.[1] Thus, the Court concludes that Aziz's continued detention does not violate due process.

### III. CONCLUSION

For the foregoing reasons, Defendant Saad Aziz's Motion for Bond, (Dkt. #1612), is **DENIED**. Aziz shall remain detained pending trial.

**So ORDERED and SIGNED this 22nd day of December, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[1] Aziz argues that the Court should also consider "the strength of the evidence upon which the pretrial detention was based." (Dkt. #1612 at 2 (quoting § 26. RELEASE AND DETENTION PENDING JUDICIAL PROCEEDINGS (18 U.S.C. 3141 ET SEQ.), DOJML RESOURCE MANUAL TI. 9 NO. 26)). The Court already weighed the evidence against Aziz in determining that pretrial detention was warranted. Despite Aziz's contention that "changed circumstances" warrant consideration of the motion for bond, (Dkt. #1612 at 5), it appears that the only change is that the SCS Supply Chain warehouse has now been returned to the Aziz family. This fact, standing alone, has no impact on the Court's detention decision. The Court finds that the strength of the evidence undergirding the pretrial detention decision weighs strongly against Aziz's due process claim.