IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Cause No. 4:20CR00382 |
| JEROME OMEGA BOULDEN, JR., et al | § § | |

### ORDER

Before the court is the Government's Motion for Alternative Victim Notification under the Crime Victims' Rights Act. The government seeks an order from the court approving the use of alternate means to provide notice to the large number of crime victims in this case as authorized by 18 U.S.C. § 3771(d)(2). Under 18 U.S.C. § 3771(a)(2), crime victims have a right to "reasonable, accurate, and timely notice" of public court proceedings. In this case, the alleged victims of the charged conspiracy to interfere with interstate commerce by robbery were individuals whose identities were stolen for the conspirators to open new lines for devices which were eventually sold or shipped overseas for sale.

According to government's investigation, members of a multi-layered criminal organization stole personal electronics, including cell phones, tablets, laptops, and smart watches, within the North Texas area and then exported those items overseas for resale. The Defendants are alleged to have stolen electronics by armed robberies as well as through various fraud schemes.

The Fourth Superseding Indictment alleges that nearly $100 million of products were sold to foreign importers. The investigation has revealed that approximately 20,000

products were acquired by identity theft. The overall estimated losses exceed $42 million. There are approximately 18,426 victims to date. Thus, it will be impracticable for the Government to provide them with reasonable, accurate, and timely notice by mail or e-mail of the various court proceedings.

Under such circumstances, the Crime Victims' Rights Act authorizes the court to "fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(a)(2). The government seeks authorization to provide an alternate means to provide notice to the large number of crime victims in this case. In its motion, the government sets out its proposed actions to comply with 18 U.S.C. § 3771. The court finds the government's motion to be meritorious and that it should, in all things, be GRANTED.

Therefore, the court finds that: (1) the "multiple victim" provisions of 18 U.S.C. § 3771(d)(2) apply to the above entitled and numbered cause; (2) it is impractical, because of the number of victims, for the government and the court to identify all the direct and proximate victims of the charged offenses, on an individual basis, without unduly complicating or prolonging the proceedings; and (3) the proposal set forth in the government's motion is a "reasonable procedure" to give effect to the provisions of 18 U.S.C. § 3771.

Accordingly, it is ORDERED that the government is authorized to comply with the provisions of 18 U.S.C. § 3771(a)(2) in the above entitled and numbered cause by providing notice of the court proceedings as provided in its motion.